(120 So. 304)

**JONES v. STATE.   (6 Div. 343.)**

Court of Appeals of Alabama.   Feb. 5, 1929.

■

R. F. Peters, of Fayette, for appellant.
Charlie C. McCall, Atty. Gen., for the State.

■

SAMFORD, J.   Considering the testimony of state's witness Duncan alone and allowing every adverse inference that might be drawn from his testimony, there would appear to be a technical violation of the Prohibition Law (Code 1923, § 4615 et seq.) by this defendant and his wife, such as happens in every industrious household in the country where the thrifty housewife makes vinegar for domestic purposes.

The prohibition laws were not enacted and were never intended to prevent housewives from making vinegar by the processes known and handed down for generations. The surrounding circumstances of this case, when taken and considered along with the testimony of the defendant and his wife, were sufficient to rebut inferences of guilt to be drawn

from the testimony of the state's witness, and the court should have granted the defendant's motion for a new trial.

One of the surest ways of breaking down the enforcement of the prohibition laws is to permit frivolous prosecutions to ripen into judgments of conviction. The judgment is reversed, and the cause is remanded.

Reversed and remanded.